FILED
April 05 2021
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                               DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 3:20-CR-3191-LAB |
|---|---|
| Plaintiff, | **RESTITUTION ORDER** |
| v. | |
| ARMOND ARIA, | |
| Defendant. | |

**IT IS HEREBY ORDERED** that, in accordance with 18 U.S.C. § 3663(a)(3), the Defendant is ordered to pay restitution in the amount of $38,205 to the U.S. Treasury. The total amount of restitution resulted from the Defendant's fraudulent conduct.

1.  Restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States.

2.  The IRS will use the amount of restitution order as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). The Defendant does not have the right to challenge the amount of this restitution-based assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the Defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting

the full amount of the restitution-based assessment, including by levy and distraint under 26 U.S.C. § 6331. Interest on the restitution-based assessment will accrue under 26 U.S.C. §§ 6601 and 6621 from the last date prescribed for payment of the liability that is the subject of the restitution order to the date that the IRS receives payment.

3. The Defendant shall sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of that portion of the tax and interest that he agrees to pay as restitution pursuant to this agreement. The Defendant also shall sign IRS Form 8821, "Tax Information Authorization."

4. Defendant shall not file any claim for refund of taxes, penalties, or interest represented by any amount of restitution paid. The Government may disclose to the IRS any information obtained during the criminal investigation (including any information otherwise covered by Fed. R. Crim. P. 6(e)) in order to assist the IRS in calculating an assessment.

5. This order will not satisfy, settle, or compromise the Defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time period(s) covered by this order or for any other time period.

6. The Defendant is not entitled to credit with the IRS for any amount sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the IRS and identified by it as pertaining to his particular liability.

7. Defendant shall send restitution payments to the IRS at the following address:

IRS-RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Avenue
Kansas City, MO 64108

8. With each payment to the IRS, the Defendant shall provide the following information:

    a. The Defendant's name and Social Security number;

    b. The District Court and the docket number assigned to the case;

    c. Tax year(s) or period(s) for which restitution has been ordered; and

    d. A statement that the payment is being submitted pursuant to the District Court's restitution order.

9. The Defendant shall send to the Clerk of Court of the District and to the Forfeiture and Financial Litigation Section of the United States Attorney's Office notice of payments sent directly to the IRS at the following addresses:

U.S. District Court
Clerk of Court, Suite 420
333 West Broadway
San Diego, CA 92101

U.S. Attorney's Office
Asset Recovery Section
880 Front St., Room 6293
San Diego, CA 92101

10. A failure to send payments to the specific IRS address, or a failure to include all of the information listed above, may result in the IRS applying the payment in the best interest of the United States, including application to taxes or periods other than those identified.

11. Until restitution is paid in full, the Defendant shall immediately notify the Financial Litigation Unit, United States Attorney's Office, of any interest in property worth more than $1,000 that the Defendant obtains, directly or indirectly, including any interest obtained under any other name or entity, including a trust, partnership or corporation.

12. The Defendant shall notify the Financial Litigation Unit, United States Attorney's Office, at least 30 days before Defendant transfers any interest in property owned directly or indirectly by the Defendant worth over $1,000, including any interest held or owned under any other name or entity, including trusts, partnerships, or corporations.

13. The Defendant shall immediately notify the Financial Litigation Unit, United States Attorney's Office, of any material change in the Defendant's financial condition.

Dated: 4-5-2021

_____
Hon. Larry Alan Burns
United States District Judge